UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.11-CR-00168 |
| VERSUS | JUDGE HAIK |
| ALLEN BOBBETT | MAGISTRATE JUDGE HANNA |

***ORDER GRANTING IN PART UNOPPOSED MOTION TO DETERMINE MENTAL COMPETENCY***
[Doc. 15]

Allen Bobbett is charged in a two-count indictment with attempting to entice a minor to engage in criminal sexual activity in violation of 18 U.S.C. §2422(b) and attempting to transmit obscene material to a minor in violation of 18 U.S.C. §1470.

Before the court is Defendant's unopposed Motion to Determine Mental Competency, Sanity at Time of Alleged Offense, and Mental Condition Bearing on Issue of Guilt. [Doc. 15]  In support of the motion, defense counsel asserts that the defendant Allen Bobbett, on a psychosexual examination performed by a Baton Rouge psychiatrist, was noted to have committed a possible suicidal gesture in close proximity to the time of the alleged offenses.  Prior to the indictments, this information was conveyed to the prosecutor, and the parties discussed the psychiatrist's disclosure as a factor which may merit a competency evaluation

pursuant to 18 U.S.C. §4241, were Bobbett to be charged.

Defense counsel now asserts that because the alleged noted suicidal gesture occurred in close proximity to the time of the alleged offenses at issue, an examination of Bobbett to determine if he suffered a mental disease or defect at the time of the alleged offenses, or suffered from a mental condition bearing on the issue of guilt is now in order and should be conducted pursuant to 18 U.S.C. §4242.  The mover acknowledges that a Section 4242 examination is normally triggered by the filing of a Notice of the defendant's intent to rely on the defense of insanity under Rule 12.2 of the Federal Rules of Criminal Procedure, but it is further asserted that per the Advisory Committee notes to Rule 12.2, this court is given discretion to specify what procedures can be used at the guilt phase  to examine for a mental condition which does not rise to the insanity defense level, and the court is invited to consider "other provisions" in deciding on appropriate procedures to be used.

### *18 U.S.C. § § 4241 and 4242*

The criminal trial of an incompetent person violates due process. *Cooper v. Oklahoma*, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996).  The test for incompetence is well-settled.  It is not enough for the court to find that "the defendant (is) oriented to time and place and (has) some recollection of events,"

but . . . the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam)(quoting from the Solicitor General's brief). To be competent, a defendant must:

> a. be able to consult with the lawyer with a reasonable degree of rational understanding;
> b. be able to assist in the defense;
> c. have a rational understanding of the criminal proceedings; and
> d. have a factual understanding of the proceedings.

The pertinent portion of the statutory scheme for addressing competency of federal criminal defendants is set forth in 18 U.S.C. §4241(a):

> (a) Motion to determine competency of defendant. – At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. *The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent* to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Section 4241(b) states that, prior to the date of the hearing, "the court *may* order that a psychiatric or psychological examination of the defendant be

conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."

After review of the record in this case, and based on the undersigned's personal observations of the defendant at the time of his arraignment, the undersigned concludes that there is reasonable cause to believe that Allen Bobbett may be presently suffering from a mental disease or defect rendering him mentally incompetent. Therefore, to the extent the defendant seeks a hearing to have his competency determined, the motion will be GRANTED. Further, pursuant to §4241, the Court will order a psychological examination of the defendant be conducted and a report be prepared for submission to the Court pursuant to §4247 prior to the hearing. Pending the outcome of that proceeding, the issue of whether Bobbett is entitled to a psychiatric/psychological evaluation to determine if he was suffering from mental illness at the time of the commission of the crimes made subject of the indictments is premature.

*Conclusion*

Considering the foregoing,

**IT IS ORDERED** that Defendant's unopposed motion for examination pursuant to 18 U.S.C. §4241 and § 4242 is **GRANTED IN PART AND DENIED IN PART**. A hearing to determine the defendant's competency to stand trial will

be held, and to the extent the motion seeks that relief it is **GRANTED**;

**IT IS FURTHER ORDERED** that prior to the hearing to determine the defendant's competency, a psychologic examination shall be conducted and a report submitted to the court in accordance with 18 U.S.C. §4247.

**IT IS FURTHER ORDERED** that in accordance with 18 U.S.C. §4247(c), the examiner shall do the following:

1. Review all available previous psychological reports, tests, medical records and school records relating to the defendant;

2. Examine the defendant and perform the necessary tests to evaluate competency in light of the defendant' s history;

3. Perform a literature review to the extent necessary to formulate an opinion on the defendant's competency;

4. File a report *within forty-five days of Defendant's examination* which report shall contain the following findings and opinions:

A. The defendant's history and present symptoms;

B. A description of the psychiatric, psychological, and/or other medical tests that were employed and their results.

C. The defendant's diagnosis and prognosis; and

D. Whether the defendant is suffering from a mental disease or defect rendering him unable to: (a) consult with his lawyer with a reasonable degree of rational

understanding; (b) otherwise assist in the defense, (c) have a rational understanding of the criminal proceedings and (d) have a factual understanding of the proceedings;

E. If in the opinion of the examiner the defendant is not competent to stand trial, whether there is a reasonable basis to conclude his competency can be restored and by what means or method.

**IT IS FURTHER ORDERED** that copies of the report shall be sent to:

1. Magistrate Judge Patrick J. Hanna, 800 Lafayette Street, Suite 3500, Lafayette, Louisiana 70501;
2. Clerk of Court, United States District Court, Western District of Louisiana, 800 Lafayette Street, Suite 2100, Lafayette, Louisiana 70501;
3. Mr. Ian Hipwell, 8075 Jefferson Highway, Baton Rouge, LA 70809; and
4. Mr. Myers P. Namie, U.S.Attorneys Office, 800 Lafayette Street, Ste 2200, Lafayette, LA 70501

**IT IS FURTHER ORDERED** that the Clerk shall file the report under seal.

All other requested relief is **DENIED.**

Signed at Lafayette, Louisiana, on September 19th, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)