UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:11-CR-00168-01** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **ALLEN FOREST BOBBETT (01)** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the Court is a *pro se* motion styled as "Writ of Error Coram Nobis." (Rec. Doc. 56). Also before the Court is Defendant's Motion for Judgment in which he seeks judgment on the preceding motion. (Rec. Doc. 64). The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. For the reasons stated below, the Court recommends that the Motions be denied.

### BACKGROUND

Bobbett was indicted on Count 1 of Attempting to Entice a Minor to Engage in Criminal Sexual Activity in violation of 18 U.S.C. ¶2422(b) on July 12, 2011 and Count 2 of Attempting to Transmit Obscenity to a Minor in violation of 18 U.S.C. §1470. (Rec. Doc. 1). On March 23, 2013, Dr. Glenn W. Ahava, who was accepted by the Court as an expert in forensic psychology, testified that Bobbett was

competent to stand trial in that he was able to assist with his defense and consult with his attorney, and that he had a rational understanding of the proceedings and the charges against him. (Rec. Doc. 45, at 21-24).

On May 14, 2012, Bobbett pled guilty to Count 1. (Rec. Doc. 40). Bobbett affirmed that he fully understood the plea agreement and accepted it without reservation, voluntarily and with the assistance of counsel. (Rec. Doc. 42). On September 24, 2012, Bobbett was sentenced to serve 120 months imprisonment, to be followed by 10 years of supervised release. (Rec. Doc. 46; 47).

On January 10, 2019, over six years after his sentencing, Bobbett filed a motion, entitled "Writ of Error Coram Nobis." (Rec. Doc. 56). Although Bobbett states in the motion that "this is not to be construed as a 28 USC 2255, nor is it to be construed as a habeas corpus," Bobbett challenges his conviction on the grounds of lack of jurisdiction, requesting release. (Rec. Doc. 56, at 28). Thereafter, Bobbett filed a Motion for Judgment on the "Writ of Error Coram Nobis," further urging the Court to grant his request. (Rec. Doc. 64).

## LAW AND ANALYSIS

"The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the

extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir.2004), quoting *Jimenez v. Trominski,* 91 F.3d 767, 768 (5th Cir.1996). The writ of coram nobis is not available to a defendant who remains in custody. *Id*.; *United States v. Alexander*, 451 Fed.Appx. 466, 467 (5th Cir.2011). Rather, the proper procedural challenge is a motion under §2255. Since Bobbett remains incarcerated, he is not entitled to a writ of coram nobis, which is an extraordinary writ used only to review errors of the most fundamental character under the All Writs Act, 28 U.S.C. §1651(a). See *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir.2002), cited with approval by *Esogbue,* 357 F.3d at 535.

Even if the Court considered Bobbett's motion under §2255, the motion would fail as untimely.

> Jurisdictional claims are subject to the one-year limitations period for § 2255 claims, and such claims may only form the basis for second or successive § 2255 motions if movants meet the requirements of §§ 2244 and 2255(h). In sum, the statutory limitations on § 2255 review apply to jurisdictional claims. We see no reason why a § 2255 movant hoping to raise a jurisdictional challenge to his conviction on collateral review should be excused from including the claim in his § 2255 motion or from seeking to have it certified for appeal.
>
> *United States v. Scruggs,* 691 F.3d 660, 666–67 (5th Cir.2012) (Footnotes and citations omitted.)

Bobbett did not file any motion for post-conviction until January 2019, nearly six years after his sentencing, when he filed the instant writ. His writ of coram nobis does not overcome the failure to challenge jurisdiction with a timely §2255 motion.

Regardless, Bobbett's jurisdictional argument lacks merit. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. §3231. "[T]his means that the district court's subject matter jurisdiction extends to 'all crimes cognizable under the authority of the United States.'" *United States v. Scruggs*, 691 F.3d 660, 667–68 (5th Cir.2012), citing *United States v. Cotton,* 535 U.S. 625, 630 (2002). The court must look to the indictment or bill of information to determine whether subject matter jurisdiction exists. *Id.*

Bobbett was indicted on and pled guilty to Count 1 of Attempting to Entice a Minor to Engage in Criminal Sexual Activity in violation of 18 U.S.C. §2422(b), which provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

In the Stipulated Factual Basis which Bobbett executed as part of his guilty plea, Bobbett stipulated to the facts that he arranged via internet chat room to meet with an individual who he believed to be a 14 year old girl to have sex. He admitted that he was arrested in Veterans Park, which is located in the Western District of Louisiana, where he had intended to meet the individual who he believed to be the

underaged girl. (Rec. Doc. 42-2). Bobbett stipulated to facts which support his guilty plea for violation of §2422(b). Thus, this Court had jurisdiction to adjudicate the matter.

## CONCLUSION

For these reasons, the Court recommends that the defendant's motion, styled "Writ of Error Coram Nobis" (Rec. Doc. 56), and the Motion for Judgment (Rec. Doc. 64) be DENIED. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420-23, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Signed in Lafayette, Louisiana this 5th day of August, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE